# CHARLESTON.

## H. W. VANSENDEN v. RAYMOND E. KERR.

Submitted September 7, 1921. Decided September 20, 1921.

1. RECEIVERS—*Special Receiver Incurring Obligation Without Special Authority is Personally Liable.*

   If a special receiver, without special contract limiting his liability and without authority specially conferred or implied, enters into a contract with a third person, whereby he incurs money or other obligation, he is personally liable thereon, as in the case of executors, administrators and trustees on like contracts. (p. 64).

2. SAME—*Declaration Against Special Receiver Individually for Money Advanced to Pay Interest on Receiver's Certificate Held Demurrable.*

   A declaration against a special receiver in his individual right for money advanced by plaintiff to pay interest on receiver's certificates, which alleges want of authority in the receiver to borrow money to pay such interest, but does not aver want of authority to issue and negotiate such receiver's certificates bearing interest, is bad on demurrer, the receipt given by the special receiver for such advancement showing that the money so advanced was to be paid out of the first money available for that purpose. (p. 65).

(LYNCH, JUDGE, absent).

Case Certified from Circuit Court, Monongalia County.

Action by H. W. Vansenden against Raymond E. Kerr. Demurrer to declaration sustained, and case certified.

*Affirmed.*

*Glasscock & Glasscock,* for defendant.

MILLER, JUDGE:

The sufficiency of plaintiff's declaration being challenged by demurrer, the court below sustained the demurrer and certified the question to this court.

The action was upon the following instrument, called a note in the pleading:

> "This is to certify that there is due and payable, out of the first funds available, to Thomas F. Barrett, or his assigns, fifteen hundred ($1500.00) dollars for money advanced to the undersigned Receiver to pay interest on the first issue of Receiver's Certificates for period October 1, 1918, to April 1, 1919.
> Morgantown, W. Va., July 10, 1919.
>
> > RAYMOND E. KERR,
> > > Special Receiver.
> > Morgantown & Wheeling Railway Co."

The averments of the declaration so describing and setting out the instrument are that the defendant thereby promised to pay Thomas F. Barrett, or his assigns, the sum of $1500.00; that he had no lawful authority as special receiver to make and execute the instrument, and thereby became personally liable for the payment of said sum so demanded, with lawful interest thereon; that at the time of the making and delivery of said note or certificate the defendant was not duly authorized as special receiver of said railway company to negotiate any loan of money, and was not duly authorized to make, sign or deliver said note or certificate to said Barrett as such special receiver, and had no authority whatsoever to bind or obligate the funds of the special receiver by accepting said loan or advancement, or by signing or delivering said note or certificate; whereby it is alleged defendant is indebted to plaintiff, and is personally liable, in the full amount of said note

or certificate, with interest from July 10, 1919, to date received, until paid; which sum, though often requested, he has not paid, to plaintiff's damages $10,000.00.

In the written opinion of the judge of the circuit court the reason given for sustaining the demurrer is that the certificate may have been given before the receiver received the money, or it may have been advanced to him before the certificate was issued, and if the latter, it is clear, the opinion says, the purpose of the instrument was to give Barrett evidence of the fact that theretofore for some reason not stated he had seen fit to advance said sum to pay interest on the first issue of receiver's certificates for the period stated, and that the amount advanced was due Barrett and should be paid to him out of the first funds available, and if so the plaintiff had no cause of action against defendant personally.

No brief or oral argument has been presented by counsel for plaintiff, nor is any authority cited in support of the ruling of the court upon the demurrer.

The declaration in form is a nondescript and is very inartistically drawn. But when analyzed, its affect is to aver that defendant, pretending to act as special receiver, but without authority in the premises, borrowed from said Barrett the sum of $1500.00 to pay interest on special receiver's certificates, and that being without such authority, he became liable to the assignee of the receipt declared on, as for money had and received for the use of Barrett and his assigns, for the sum so advanced. Unless in some way one so dealing with a special receiver acting without authority, and with knowledge of the fact, binds himself to look to the estate or property in the hands of the receiver for payment of the obligation, the contract is primarily the personal obligation of the receiver. In such cases he has no responsible agent, whom he can bind by his contract. The law applicable to executors, administrators and trustees in like cases applies. *Peoria Steam Marble Works* v. *Hickey* (Iowa), 80 A. S. R. 296; *Foland* v. *Dayton,* 40 Hun. (N. Y.) 563; *Kain* v. *Smith,* 80 N. Y. 458; *Brandt* v. *Siedler,* 31 N. Y. Sup. 112; *Haupt* v. *Vint,* 68 W. Va. 657; *New* v. *Nicoll,* 73 N. Y. 127;

*Rogers* v. *Wendell*, 61 N. Y. 540. In 1 Clark on the Law of Receivers, §789 (h), p. 860-861, summarizing the rule in this country, it is said: ''If the receiver without the direct or explicit order of court, or without any implied power, yet under color of his office as receiver, enters into a contract with third parties, such contract is the contract of the receiver personally and individually, and he is primarily liable. If such contract is proper and beneficial to the estate, and if there are funds available, the liability may be paid by order of the court out of such available funds. If there are no available funds, the receiver may have to pay such liabilities himself.'' No hardship is imposed upon the receiver by this rule, for if the contract has resulted beneficially to the estate in his hands, as the decisions say, he may report the matter and have the money paid out allowed him as a part of the expenses of his administration. *Peoria Steam Marble Works* v. *Hickey, supra; Joost* v. *Bennett,* 123 Cal. 424; *New* v. *Nicoll, supra,* 131.

But it is not alleged that the defendant was not authorized to borrow money and issue interest bearing receiver's certificates therefor. Without such direct averment, must we not on demurrer assume power in the receiver to issue such certificates and to borrow money thereon? If such certificates were authorized, the power, if not expressed, would be implied to make them bear interest, and if so, to pay interest thereon out of the funds in the receiver's hands available therefor. The certificate declared on shows on its face that Barrett had advanced $1500.00 to pay interest on the first issue of receiver's certificates, and that there was or would be due to him out of the first funds available the sum so advanced to pay interest. If there was power and authority in the receiver to issue and negotiate receiver's certificates, did that not amount to an agreement on the part of Barrett to look to the funds that might be thereafter available for payment of interest, and bring the contract within the exception to the general rule limiting liability of the special receiver, as stated in the authorities cited? We think the receipt must be so construed, and as protecting the special receiver from

personal liability, provided, of course, the fact is, as presumed, that the receiver had authority to issue receiver's certificates bearing interest.

Such being our view of the case, we affirm the ruling of the circuit court.

*Affirmed.*