## In re KALB & BERGER MFG. CO.

(Circuit Court of Appeals, Second Circuit. November 18, 1908.)

### No. 77.

1. RECEIVERS (§ 95*)—CONTRACTS—PERSONAL LIABILITY.

A receiver who contracts beyond his powers makes himself individually liable.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 174; Dec. Dig. § 95.*]

2. BANKRUPTCY (§ 115*)—FEDERAL COURTS—ACTIONS AGAINST RECEIVER—STAY.

A court of bankruptcy is without power to stay an action in a state court against its receiver, to charge him with personal liability, although based on acts done or contracts made by him as receiver.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

3. BANKRUPTCY (§ 115*)—ACTIONS AGAINST RECEIVER—LEAVE OF COURT TO SUE.

Act March 3, 1887, c. 373, § 2, 24 Stat. 554, and Act Aug. 13, 1888, c. 866, § 2, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), which authorizes a receiver appointed by a federal court to be sued without previous leave of such court "in respect of any act or transaction of his in carrying on the business connected with" the property in his charge, applies to receivers in bankruptcy, but does not authorize a suit without leave against such a receiver unless he is carrying on the business of the bankrupt, or in respect to his acts relating merely to the care and preservation of the property of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York.

F. W. Hamberg, for petitioner.

J. H. Hickey, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The petitioner brought an action in a Municipal Court of the City of New York against Charles Weiser individually, and as receiver of the bankrupt corporation, to recover upon an agreement for the use of certain premises for the storage of property of the bankrupt estate. The District Court, upon the application of the defendant in said action, in his capacity of receiver, enjoined the prosecution of said action, and summarily determined the amount due the petitioner for the use of said premises. This is a petition to review such action of the District Court.

While, ordinarily, a receiver acting within his powers is not personally liable upon his contracts, yet he may so contract as to bind himself; and if he acts beyond his powers he necessarily assumes individual responsibility. The action in the Municipal Court, in so far as it was against the defendant personally, could not be stayed by the District Court. The power conferred by the bankruptcy act to determine controversies with respect to the collection and distribution of the bankrupt estate cannot be extended to confer jurisdiction to stay proceedings against officers in their individual capacities. It may be that in this case the receiver acted within the scope of his authority and was not personally liable. If so, the Municipal Court will undoubtedly decide in his favor. But the fact that the receiver might interpose a good defense to the personal action against him gave the bankruptcy court no power to enjoin the prosecution of such action.

The order of the District Court, staying the action in the Municipal Court in so far as it was brought against the receiver as such, presents a more difficult question, in view of the fact that leave does not appear to have been granted to bring such action. Suits against receivers, as a general rule, cannot be brought in any other court than that of their appointment, without leave previously obtained from such court. An exception to this rule exists under certain conditions in case of federal receivers. The statute (Act March 3, 1887, c. 373, § 2, 24 Stat. 554, and Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 [U. S. Comp. St. 1901, p. 582]) provides in substance that a receiver appointed in a federal court may be sued without leave of the court "in respect to any act or transaction of his in carrying on the business connected with" the property in his charge. It is held that this statute applies to receivers appointed in bankruptcy proceedings as well as other federal receivers. In re Kanter and Cohen, 121 Fed. 984, 58 C. C. A. 260; In re Smith (D. C.) 121 Fed. 1014; In re Kelley Dry Goods Co. (D. C.) 102 Fed. 747. But such receivers cannot be sued without leave unless they are carrying on the business of the bankrupt estate, as they may be authorized to do by the bankruptcy court. In the present case, however, it does not appear that the receiver was authorized to carry on or was carrying on the business. In this trans-

action he merely arranged for the storage of certain machinery which had come into his possession as receiver. His act related to the care and preservation of the property, but had no relation to any business carried on by him. In our opinion the contract of the receiver for the use of the premises was not an act or transaction in carrying on the business, within the meaning of the statute.

The action against the receiver as such having been brought without leave of the court which appointed him—the District Court—was properly enjoined by that court. This having been done, the District Court went forward and determined the terms of the contract between the parties and the amount due thereunder. The affidavits were conflicting, and the parties were fully heard upon the questions of fact involved. We are not disposed to disturb the finding of the District Court thereon, nor to hold that the petitioner is in a position to assert that any constitutional right was infringed.

The order of the District Court is reversed in so far as it stays the action in the Municipal Court as against the receiver personally, but otherwise it is affirmed. No costs are awarded to either party in this court.