**VASS v. CONRON BROS. CO.**

No. 405.

Circuit Court of Appeals, Second Circuit.
June 13, 1932.

Holley & Oxenberg, of New York City (Myle J. Holley and Herman Zarin, both of New York City, of counsel), for appellant.

Lynn, Wandless & Lanier, of New York City (Edgar G. Wandless, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The bankrupts were dealers in cold meats and refrigerated products, and had leased to the appellant, the Conron Company, some space out of their cold storage plant, which they agreed to refrigerate. They were later adjudicated, and Vass, the moving party, was appointed receiver; he found the lessee in possession and in effect confirmed the lease. He was appointed trustee on June 26, 1931, and got his bond approved on August twenty-

ninth; on October 27, 1931, the lessee sued him in the state court individually, as receiver, and as trustee, alleging that he had assumed the covenants in the lease, and that between July tenth and August fifteenth, he had failed properly to refrigerate the premises, so that perishable goods had spoiled. There was also a count for "negligence," but this adds nothing. Vass obtained a rule nisi in bankruptcy to enjoin the prosecution of the action, so far as it was directed against him as receiver and as trustee. This the court made absolute upon the hearing, and the lessee appealed.

Under the law of New York no action may be maintained against a trustee as such, any more than against a director, a freight agent, a lawyer, or a jockey, as such; the law of that state does not apparently recognize multiple personalities. If a trustee makes a contract, the obligee must sue him individually (Ferrin v. Myrick, 41 N. Y. 315; Austin v. Munroe, 47 N. Y. 360; Parker v. Day, 155 N. Y. 383, 49 N. E. 1046; O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238); except in those special cases where, being himself too poor to contract, he has at the outset expressly pledged the credit of the fund (Jessup v. Smith, 223 N. Y. 203, 119 N. E. 403). If a trustee in bankruptcy is subject to the same rule, there would be no occasion to enjoin this action, except on the chance that the state court might disregard its own law, and that a judgment against the defendant as trustee might have other consequences in a federal court. However, we think that the doctrine is not applicable to trustees in bankruptcy, who may be sued by their title, and judgments against whom bind the assets.

Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672, laid it down that a judgment against a receiver as such upon a liability arising out of his conduct of the business establishes a claim against the estate; and it is for this reason that, not only may the action be enjoined, but it does not lie at all, unless by leave of the court which appoints the receiver. Whether or not this necessarily followed from Peale v. Phipps, 14 How. 368, 14 L. Ed. 459, it has been recognized since then [Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815; Merryweather v. U. S., 12 F.(2d) 407 (C. C. A. 9)]; section 125 of title 28, U. S. Code (Judicial Code § 66, 28 USCA § 125) presupposes its correctness, by making an exception to it. We have ourselves so held as to bankruptcy receivers (In re Kalb & Berger Mfg. Co. [C. C. A.] 165 F. 895). On the other hand in Riehle v. Margolies, 279 U. S.

218, 225, 49 S. Ct. 310, 73 L. Ed. 669, the court left it open, whether a suit against a defendant begun after the appointment of a receiver would be res judicata in distribution of the assets. This was indeed suggested only as to claims arising before the receiver was appointed; but if these are justiciable before the state courts, it would seem that a fortiori claims should be which arise out of the receiver's own transactions. To be sure, the power of the appointing court in invitum might become little more than ministerial, unless it could forestall the state courts through its own greater expedition; but that may conceivably be a desirable result, towards which Riehle v. Margolies is a first step. However that may be, it would be altogether gratuitous to read into that decision a purpose to overrule Barton v. Barbour. Moreover, we are dealing with bankruptcy, not an "equity receivership," and Riehle v. Margolies, page 228 of 279 U. S., 49 S. Ct. 310, 314, itself suggests, though it does not assert, a distinction between the two. Upon both grounds we think that in bankruptcy at least an action against a receiver as such may be enjoined, unless within the exception of section 125 of title 28, U. S. Code (Judicial Code § 66, 28 USCA § 125).

In the only federal case in which the question has come up as to a trustee in bankruptcy, Judge Holt ruled the other way (In re Smith [D. C.] 121 F. 1014), though the implication of Stephens v. Walker, 217 Ala. 466, 117 So. 22, is that he is like a receiver in this regard. A trustee is equally an officer of the court (Bankr. Act § 33 [11 USCA § 61]); and his possession is protected because it is the court's [In re Russell, 101 F. 248 (C. C. A. 2)]; quite like a receiver's (Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327). If so, and if, as is the case, it is an interference with a receiver's custody to establish claims against him by judgment, it is difficult to see why the same should not hold of a trustee. It is true that we appear to have held otherwise in Re Empire Construction & Supply Co., 166 F. 1019, but it seems clear that we inadvertently assumed that the action had been brought against the trustee individually. The reversal was in a per curiam opinion in which we merely cited In re Russell (C. C. A.) 101 F. 248; In re Kanter & Cohen (C. C. A.) 121 F. 984; In re Spitzer (C. C. A.) 130 F. 879; In re J. M. Mertens & Co. (C. C. A.) 147 F. 182; and In re Kalb & Berger Mfg. Co. (C. C. A.) 165 F. 895. In re Kanter and In re Spitzer concerned actions

brought against a receiver individually; In re Mertens, one against a trustee; in all we refused to interfere. It seems incredible that we should have supposed that a distinction between actions against a receiver as such and a trustee as such was demonstrated by citing indiscriminately decisions touching actions against both individually and against a receiver as such. The only reasonable explanation is that we mistook the nature of the action; in any event we overrule the decision. In re Roberts, 169 F. 1022 (C. C. A. 2), is another instance of a receiver, sued individually; it adds nothing further. Until some hitherto unsuspected construction is placed upon Richle v. Margolies, an action against a trustee in bankruptcy for transactions of his own, must be brought in the bankruptcy court, unless it gives leave to liquidate elsewhere; it concerns the distribution of the assets as much as a claim against the bankrupt, and is justiciable only as that is.

All this presupposes of course that the claim is not within section 125 of title 28, U. S. Code (Judicial Code § 66, 28 USCA § 125); that is to say, that the liability did not arise out of "any act or transaction" of the trustee "in carrying on the business connected with" the property entrusted to him. This section was apparently passed to meet the doctrine of Barton v. Barbour; certainly it was not intended to apply to all liabilities arising from a "manager's" acts; In re Kalb & Berger Mfg. Co. (C. C. A.) 165 F. 895, commits us so far at least. To "carry on the business" is, we should think, the same thing as to "continue" it under section 2 (5) of the Bankruptcy Act, 11 USCA § 11 (5); it must involve enough to require an order of court (General Order XL [11 USCA § 53]). Merely to hold matters in statu quo; to mark time, as it were; to do only what is necessary to hold the assets intact; such activities do not seem to us to be a continuance of the business. This was all that Vass did. When he took over the refrigerating plant, he found a lessee in possession of a part of them, from which he could not eject it. His alternatives were to accept the reversion, cum onere, as he did, making himself liable on the covenants; or to reject it, leaving the bankrupts reversioners pro tanto, and owners of a most inconvenient interest in a building otherwise his own. He did no more than avoid this absurd complication, which would surely have impeded the settlement of the estate, and the discharge of his duty. It seems plain that this was not carrying on business as section 125 of title 28 uses that term; and that the liquidation of the lessee's resulting damages was as much a part of the usual administration in bankruptcy, as that of the pay of accountants, custodians or other assistants, employed by the trustee.

Order affirmed.