13 B.R. 974 (1981)
In the Matter of Ronald H. CAMPBELL, Debtor.
U. AND I. INCORPORATED, Plaintiff,
v.
L.D. FITZGERALD, Defendant.
Bankruptcy No. 77-01385 F.
United States Bankruptcy Court, D. Idaho.
September 11, 1981.
*975 Charles A. Homer, Holden, Kidwell, Hahn & Crapo, Idaho Falls, Idaho, for plaintiff.
Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for defendant.

MEMORANDUM DECISION
M.S. YOUNG, Bankruptcy Judge.
This matter is before the court upon cross-motions for summary judgment filed by plaintiff U. & I. Incorporated, and defendant, L.D. Fitzgerald. There is no genuine issue as to the following material facts.
In late 1977, Neibauer & West Farms leased a certain potato cellar to one Ronald Campbell, for storage of a portion of his 1977 crop. Campbell had produced the crop on an acreage he had leased from plaintiff, U. & I. Pursuant to that lease, one third of the crop raised belonged to U. & I. as lessor and the other two-thirds belonged to Campbell.
In December, 1977, Campbell filed a voluntary petition for relief in this court. Following the filing of the bankruptcy petition, L.D. Fitzgerald was appointed trustee of the debtor's estate. The parties disagree as to what specifically transpired following the appointment of Mr. Fitzgerald as trustee, but the record reflects that Fitzgerald, acting as trustee, took possession of the potatoes in the cellar, spoke with one of the partners of Neibauer & West concerning equipment of the debtor, and had a number of conversations relating to disposition of the potatoes with Grant Cleverly, farm manager for U. & I. Eventually, defendant, acting as trustee, decided that the potatoes should be abandoned as an asset of the estate and did indeed abandon them. Following the abandonment, the potatoes were released by Neibauer & West to purchasers found by plaintiff.
Prior to their abandonment, the potatoes were treated with "Sprout-Nip", a chemical which inhibits sprouting growth in stored potatoes. The charges for this treatment, as well as the storage charges for the potatoes, supply the basis for the present action.
In April, 1980, Neibauer & West commenced an action in the Sixth District Court for the State of Idaho against U. & I. to recover the costs of storage. Neibauer & West alleged that U. & I. had guaranteed payment of these costs and that, based upon such representations, Neibauer & West released the potatoes without having first been paid. U. & I. filed a third party complaint against Mr. Fitzgerald in that action seeking indemnity for the storage charges as well as payment for the chemical treatment of the potatoes. U. & I. contended that Mr. Fitzgerald personally guaranteed payment of the debtor's portion of the storage and sprout inhibitor treatment charges.
Upon motion of third party defendant, Fitzgerald, for summary judgment in the state court action, the state district court dismissed the third party action against Mr. Fitzgerald, holding:
"It is the opinion of the court that Mr. Fitzgerald was at all times herein acting in his official capacity as a bankruptcy trustee and was not involved in conducting or operating the debtor's, Ron Campbell, business as he simply made an agreement for the storage and preservation of the debtor's property and the court does not believe such a transaction constitutes conducting or operating the debtor's business.

*976 IT IS A FURTHER opinion of the court that this court does not have jurisdiction over the subject matter herein. Apparently, there are two situations in which a trustee in bankruptcy, acting in his official capacity, may be sued in State Court without leave of the federal bankruptcy court, one being where the trustee has committed a tort, and the other where the claim of alleged wrongful doing arises out of the trustee's operating of the debtor's business. Collier on Bankruptcy, § 23.20 at 642-645 (* 14th Ed.). Where the trustee merely enters into a contract for storage of the debtor's assets, however, no action will lie in a state court without leave of the bankruptcy court, 1 Collier on Bankruptcy § 2.36 at 248,249 (14th Ed.)."
Plaintiff herein and defendant in the State Court action, U. & I., has appealed that decision to the Idaho Supreme Court.
U. & I. thereafter filed, in May of this year, the present adversary action before this court, seeking a judgment holding that permission of the Bankruptcy Court is not required prior to instituting or maintaining an action against the defendant Fitzgerald in state court in circumstances such as present here. In the alternative, plaintiff U. & I. seeks an order of this court granting such permission.
By way of counterclaim, the defendant trustee seeks the following relief: (1) dismissal of the plaintiff's claim, (2) an order enjoining plaintiff from further attempts to hold Fitzgerald personally liable in state court, (3) a judgment holding that no personal liability on the part of Fitzgerald exists, and (4) that plaintiff's relief, if any, is limited to the filing of a claim against the bankruptcy estate.
In regard to plaintiff U. & I.'s motion seeking permission to sue the trustee personally in state court or, alternatively, a decision by this court that no permission is necessary, the law is well-settled. The trustee in bankruptcy is an officer of the court appointing him, and courts other than the appointing court have no jurisdiction to entertain suits against the trustee, without leave from that appointing court, for acts done in his official capacity and within his authority as an officer of the court. Barton v. Barbour, 104 U.S. 126, 26 L.Ed. 672 (1881); Leonard v. Vrooman, 383 F.2d 556 (9th Cir. 1967), cert. den. 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1967); Vass v. Conron Bros. Co., 59 F.2d 969 (2d Cir. 1932); 2 Collier on Bankruptcy ¶ 23.20 (14th Ed.).
A limited exception to this rule exists by way of 28 U.S.C. § 959 which allows for suit against trustees, receivers, or managers of any property, including debtors-in-possession, without leave of the court appointing them, with respect to any of their acts or transactions "in carrying on business connected with such property." As the Idaho Sixth District Court correctly concluded, the concept of "carrying on business" is not applicable here. Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute "carrying on business" as that term has been judicially interpreted. 28 U.S.C. § 959; Austrian v. Williams, 216 F.2d 278 (2d Cir. 1954) cert. den. sub nom Fogarty v. Austrian, 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 744 (1955); Vass v. Conron Bros. Co., supra; In re Kalb & Berger Mfg. Co., 165 F. 895 (2d Cir. 1908). See also 4 Collier on Bankruptcy ¶ 721.05[1] (15th Ed.); 1 Collier on Bankruptcy ¶ 2.36 (14th Ed.); 2 Collier on Bankruptcy ¶ 23.20 (14th Ed.).
It is apparent from the record before me that all acts or transactions of the trustee here complained of, regardless of their propriety or of any potential liability therefor, were undertaken by the trustee acting as such, i.e., in his official capacity, within the authority and duty of a trustee in bankruptcy. I therefore agree with the conclusion reached by the Sixth District Court for the State of Idaho that permission of this court is a prerequisite to suit in state court against the trustee for such acts.
*977 Plaintiff in the alternative has sought such leave of this court as would enable it to further pursue judgment against the trustee in the courts of Idaho. It is clear that the decision to grant such permission is committed to the sound discretion of the appointing court. See e.g., Securities and Exchange Comm. v. Lincoln Thrift Assn., 557 F.2d 1274 (9th Cir. 1977). Not only has plaintiff's action in state court reached termination (for at least a considerable period of time while the appeal is processed in the state court system), it appears to me that all issues here raised are intimately tied to the question of the proper function of the trustee within a liquidating bankruptcy. The actions in question concern the preservation and liquidation of assets and general administration of the estate and this court is directly concerned with the resolution of these issues, a concern reflected in the rule requiring leave of the appointing court for suits to be maintained in other forums. I conclude that the present contentions of the parties will be most reasonably, expeditiously, and properly resolved by denying permission to litigate further in state court. Concomitantly, I am granting defendant's request and enjoining further actions on the part of plaintiff in the courts of the State of Idaho to determine the defendant trustee's liability, if any, for actions taken in administration of the debtor Campbell's estate.
Plaintiff's complaint seeks only judgment against Mr. Fitzgerald personally; plaintiff expressly states therein that it does not seek recovery from the estate or from Mr. Fitzgerald in his representative capacity as trustee. Having determined from the evidence submitted by the parties hereto in the form of depositions that at all relevant times Mr. Fitzgerald was acting as trustee, and within the scope of his authority, I conclude an independent action asserting personal liability in the factual context herein shown is foreclosed and defendant is thus entitled to dismissal of plaintiff's complaint. Sherr v. Winkler, 552 F.2d 1367 (10th Cir. 1977); Tiller, Personal Liability of Trustees and Receivers in Bankruptcy, 53 American Bankruptcy Law Journal 75 (Winter 1979).
In sum, I find: that Mr. Fitzgerald was acting at all relevant times in his capacity as trustee; that under the facts as indicated by the record no personal liability exists; that a state court suit against the trustee seeking to establish personal liability is improper and cannot be maintained without leave of this court; that such leave is not granted; and that plaintiff is enjoined from seeking further relief in state court.
No costs or attorneys fees awarded. Counsel for defendant to prepare an order in accord with this decision.