In re Mir Kazem KASHANI and Habibeh S. Kashani, Debtors.

Mir Kazem KASHANI and Habibeh S. Kashani, Appellants,

v.

Radmila A. FULTON, Chapter 11 Trustee, Appellee.

BAP No. SC–94–1389–CJO.
Bankruptcy No. 89–6798–H11.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 18, 1995.

Decided Dec. 21, 1995.

Mir Kazem Kashani, Rancho Santa Fe, CA, in pro. per.

Jeffrey R. Patterson, San Diego, CA, for appellee.

Before CURLEY[1], JONES and OLLASON, Bankruptcy Judges.

## OPINION

CURLEY, Bankruptcy Judge:

### I.

Appellants, Mir Kazem Kashani and Habibeh S. Kashani ("Debtors" or "Appellants"), appearing *pro se*,[2] appeal from an order entered March 30, 1994 by the Honorable John J. Hargrove, of the United States Bankruptcy Court for the Southern District of California, which denied the Appellants' request to sue the Chapter 11 Trustee, Radmila A. Fulton ("Trustee" or "Appellee"), in either the state or federal courts in California. For the reasons set forth hereinafter, WE AFFIRM

---

1. Hon. Sarah Sharer Curley, Bankruptcy Judge for the District of Arizona, sitting by designation.

2. At oral argument on the appeal, the Kashanis were represented by counsel. However, counsel did not modify the factual or legal issues previously submitted by the Kashanis.

IN PART, REVERSE IN PART AND REMAND WITH INSTRUCTIONS.

## II. FACTS

The Debtors filed a Chapter 11 petition on September 1, 1989.[3] The Trustee was appointed on March 1, 1991. Since her appointment, the Trustee has continued to manage the assets of the Debtors' bankruptcy estate.

On January 18, 1994, the Debtors filed, with the bankruptcy court, a motion titled, "Notice Of Motion And Motion For Leave To Sue Trustee; Memorandum of Points and Authorities In Support Thereof." The Debtors' motion requested leave to:

> sue the Chapter 11 trustee for breach of fiduciary duty and negligence, and to sue those who aided and abetted such breach of fiduciary duty. Specifically, the debtors apply for leave to sue the trustee or for a declaration that such leave is not required, and leave to sue the trustee in State court.

In the separate memorandum of points and authorities, the Debtors explained that if such leave was granted, the Debtors would wait until the conclusion of the bankruptcy proceedings, taking into account the applicable statute(s) of limitations, before commencing any lawsuit in an attempt to minimize any effect that the lawsuit might have on the existing bankruptcy proceedings. The Debtors clearly stated that their intention was to wait to the extent possible and then sue in state court.

The Debtors also provided in their memorandum some "examples" which were intended to illustrate the allegations which were to be included in the complaint to be filed against the Trustee. Generally, the allegations contained in the Debtors' memorandum of points and authorities were: 1) the failure of the Trustee to sell or attempt to sell estate property in a timely manner so as to realize the best possible benefit to the bankruptcy estate; 2) the Trustee's engagement in a speculative real estate venture involving the subdivision and subsequent sale of property of the estate, in which the Trustee had no prior experience and without the consultation and aid of an experienced real estate developer, the foregoing causing harm to the estate which was greater than if the Trustee had simply sold the property as is; 3) the Trustee's granting of permission, in violation of California law, to allow a neighbor to remove a tree without the proper permit, the removal constituting a destruction of estate property; 4) the transfer by the Trustee of the estate's interest in a liquor license to a lienholder without consideration, which transfer was an impermissible "gift" of estate property, since under California law a security interest may not attach to a liquor license; 5) the Trustee's concealment from the bankruptcy court that a creditor's lien had been ruled invalid by a California state court, this concealment allowing the bankruptcy court to approve a settlement between the estate and the creditor and granting the creditor a secured claim in the amount of $450,000 where none should have existed; and 6) the Trustee's failure to disclose to the bankruptcy court that her attorney had previously represented Mercy Hospital, which in a prior effort had ultimately purchased, with court approval, property of the estate.

The Trustee's response to Debtors' motion alleged that the "examples" contained in the Debtors' motion did not effectively detail the exact claims that were to be brought against the Trustee, or "whether [the Debtors had] even disclosed all of their potential allegations." The allegations revealed by the Debtors' motion related only to the Trustee's administration of the estate. The Trustee explained that she might have complete defenses against some, if not all, of the Debtors' claims. The Trustee suggested to the bankruptcy court that it should continue the scheduled hearing and require the Debtors to supplement their motion with a proposed complaint containing all of the claims for relief or causes of action the Debtors sought to bring against the Trustee. The Trustee would then be allowed time to review the proposed complaint and determine whether

---

**3.** Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330; and all references to "rule" are to the *Federal Rules of Bankruptcy Procedure* ("*F.R.Bankr.P.*"), Rules 1001–9036, which make applicable the *Federal Rules of Civil Procedure* ("*F.R.Civ.P.*").

to oppose the particular motion. If the court granted the Debtors' request for leave to sue, the Debtors' proposed complaint would define the scope of the Debtors' suit.

The bankruptcy court agreed with the Trustee's recommendations. At the scheduled hearing on the Debtors' motion,[4] the court explained that it was inclined to continue the hearing to allow the Debtors time to file a proposed complaint. The Debtors explained that they did not think they were required to file a proposed complaint, nor were they prepared to spend the money required at that time to prepare a complaint,

4. The relevant excerpts of the transcript of the hearing on the motion follow:

The Court: ... I read the pleadings, and what I want to do is to continue this. I want to see a draft of your complaint, Mr. Kashani. So I assume you're going to have an attorney prepare your lawsuit. I am inclined to continue the hearing and then have your complaint attached to your declaration filed under penalty of perjury stating, "This is the complaint I intend to file." I want to look at the causes of action in the complaint before I decide. I want to make sure that there are legitimate causes of action, and then I will consider that matter further. So, how much time do you need?

Mr. Kashani: Your Honor, if you'll allow me, I'll come in here myself because we don't want to go to the expense of everything. All we are asking the permission to go [sic] is our right. Now, why should we spend money—

....

—Now, time and our money. We are not going to prove to you that she owes money or she owes us, she does this or she did wrong or she didn't. We will do that in the court.

....

—Why spend estate money and our money for all that?

The Court: Well, because I want to see if this is a legitimate concern. I am not going to put the trustee into having to wait and wait and wait forever. I want to see—

....

I have the discretion to require you to file a draft complaint. You're not going to file a complaint with the Court. I want to see your complaint, and that's my ruling. If you don't like it, then I am going to dismiss the case the second time around, dismiss your motion or deny it.

Mr. Kashani: Well, you dismiss the case, we will appeal.

The Court: That's fine. All right. I will continue this. How much time do you need to get your complaint filed?

Mr. Kashani: We are not going to file anything. You just dismiss it. We are going to appeal it.

and they would not do so. The court, after determining that the Debtors were not going to comply with the court's request to supplement the motion with a proposed complaint, denied the Debtors' motion, apparently without prejudice to the Debtors' refiling the motion with the requested supplementation.

The bankruptcy judge executed the proposed form of order submitted by the Trustee's attorney.[5] The order provided generally for the following ordering paragraphs:

1. The Kashanis must first obtain leave from the bankruptcy court before filing suit against the Trustee.

The Court: Motion is denied. You can set forth in the findings, [Trustee's counsel], my request that Mr. Kashani submit a draft of his proposed complaint. He refuses to do so. Motion is denied.

....

5. The order contained the following findings of fact:

1. The Kashanis have not provided the Court or the Trustee with a proposed complaint against the Trustee. However, based upon the few "examples" of claims that the Kashanis included in their moving papers, which allege the Trustee breached her duties in connection with administration of the estate's assets, the Court found that leave of the Bankruptcy Court is required before the Kashanis may sue the Trustee.

2. The Court further found that it was not in a position to rule on the merits of whether the Kashanis should be granted leave to sue the Trustee without the Court having the opportunity to review the Kashanis' proposed complaint against the Trustee. The Court found that it would be appropriate to continue the hearing to allow the Kashanis to submit a declaration attaching as an exhibit a draft of the complaint they proposed to file against the Trustee. The Court would then be in a position to consider and rule on the motion.

3. The Court asked Mr. Kashani how much time he needed to file such a declaration and proposed complaint. Mr. Kashani replied that he did not need a continuance because he would not submit a proposed complaint to this Court. The Court informed Mr. Kashani that if he maintained that position the Court would have no choice but to deny the Kashanis' motion. Mr. Kashani expressly refused to submit a proposed complaint for the Court's consideration.

4. The Court denied the Kashanis' motion pending submission by the Kashanis of a proposed complaint and ordered that a written order be prepared including these findings.

2. The motion of the Kashanis for leave to sue the Trustee was denied without prejudice to the Kashanis refiling their motion, including a copy of their proposed complaint, prior to the conclusion of the case.

3. The motion of Kashanis for leave to sue the Trustee was denied with prejudice in the event the Kashanis failed to refile the motion, including a copy of their proposed complaint, prior to the conclusion of the case.

The Debtors appealed the bankruptcy court's order on the following grounds: (i) that the bankruptcy court should have granted Debtors leave to sue in the federal court, if such approval was necessary;[6] (ii) the bankruptcy court should have granted Debtors' request to sue in state court, and (iii) the additional requirement of providing a proposed complaint was an abuse of the bankruptcy court's discretion.

## III. ISSUES

A. *Whether this Bankruptcy Appellate Panel has jurisdiction to hear this matter.*

B. *Whether the bankruptcy court abused its discretion by requiring that the Appellants seek leave of the bankruptcy court to sue the Trustee in the federal or state court.*

C. *Whether the bankruptcy court abused its discretion by requiring the Debtors to include a copy of their proposed complaint in their motion for leave to sue the Trustee.*

D. *An issue which was not raised by the Appellants, but which will be considered by this Panel, is whether the bankruptcy court abused its discretion by requiring that the Appellants seek leave to sue the Trustee prior to the conclusion of the case or the Appellants' request to sue the Trustee would be denied with prejudice.*

## IV. STANDARD OF REVIEW

■ The bankruptcy court's findings of fact are reviewed for clear error, conclusions of law are reviewed *de novo*, and mixed questions of fact and law are reviewed *de novo*. *United States v. Fingers (In re Fingers)*, 170 B.R. 419, 424 (S.D.Cal.1994). The existence of subject matter jurisdiction is a question of law and is reviewed *de novo*. *Mangun v. Bartlett (In re Balboa Improvements, Ltd.)*, 99 B.R. 966, 969 (9th Cir. BAP 1989).

■ The granting of leave for a party to sue the trustee is within the sound discretion of the appointing court. *U. and I. Inc. v. Fitzgerald (Matter of Campbell)*, 13 B.R. 974, 977 (Bankr.D.Idaho 1981) (*citing, e.g., Securities and Exch. Comm'n v. Lincoln Thrift Assn.*, 557 F.2d 1274 (9th Cir.1977)). This Panel, therefore, reviews a determination of whether to grant or deny permission of a party to sue the trustee for an abuse of discretion by the lower court. Under the abuse of discretion standard, the Ninth Circuit has clearly stated that the trial court's exercise of its discretion will not be disturbed unless there is " 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir.1994) (citations omitted).

## V. DISCUSSION

A. *Whether this Bankruptcy Appellate Panel has jurisdiction to hear this matter.*

■ As an initial point, this Panel must consider whether the appeal to be heard is interlocutory in nature. The order by the bankruptcy court denies the Debtors' motion without prejudice to refile with the requested supplementation, so long as the Debtors act prior to the bankruptcy case being closed. The order further provides that if the Debtors do not so act, their motion will be denied

---

**6.** Debtors argue that their motion before the bankruptcy court requested leave to sue the Trustee in both the district and state courts; however, Debtors state that they did not have to request permission to sue in the federal court.

As discussed, *infra*, a fair reading of the Debtors' request before the bankruptcy court was that the Debtors sought leave of the bankruptcy court to sue in the federal district court, if necessary, or in the state court.

with prejudice. 28 U.S.C. § 158(a) gives the federal district court jurisdiction to hear appeals from "final judgments, orders, and decrees, and, **with leave of the court,** from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." (Emphasis added.) Section 158(b) has allowed the judicial council of each circuit to establish a bankruptcy appellate panel to hear, with consent of all of the parties, appeals under subsection (a) of Section 158.

 To become final, the decision, order, or decree must end the litigation, or dispose of a complete claim for relief, and leave nothing for the court to do but execute the judgment. *Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.),* 979 F.2d 1358, 1362 (9th Cir.1992) (citations omitted). An interlocutory appeal is one which stems from a judgment, order, or decree which does not finally determine a cause of action, but instead decides only an intervening matter. *In re Eleccion,* 178 B.R. 807, 808 (9th Cir. BAP 1995). The appeal in this case is interlocutory in nature, because the order does not finally dispose of the Debtors' cause of action. Instead, the order creates a specific period of time in which the Debtors have been afforded the opportunity to refile their motion for leave to sue, along with their proposed complaint, as required by the bankruptcy judge. However, if the Debtors do not act prior to the case being closed, their requested relief will be denied with prejudice.

 In order for an interlocutory appeal to be heard, a motion for leave to appeal must be filed pursuant to *Fed.R.Bankr.P.* 8001(b) and 8003. In the instant case, the Debtors have not filed a motion for leave to appeal. However, this Panel may treat the

notice of appeal, which was timely filed, as a motion for leave to appeal. *Fed.R.Bankr.P.* 8003(c); *Official Comm. of Unsecured Creditors v. Credit Lyonnais Bank Nederland, N.V. (In re NSB Film Corp.),* 167 B.R. 176, 180 (9th Cir. BAP 1994). This Panel, when treating the notice of appeal as the motion for leave to appeal, must then decide whether to grant or deny the motion for leave to appeal.

 The Panel must review 28 U.S.C. § 1292(b) to determine if leave should be granted.[7] *Lompa v. Price (In re Price),* 79 B.R. 888, 889 (9th Cir. BAP 1987), *aff'd,* 871 F.2d 97 (9th Cir.1989). Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Madill,* 65 B.R. 729, 731 (D.Mont.1986); *McDonald v. Sperna (In re Sperna),* 173 B.R. 654, 658 (9th Cir. BAP 1994). The appeal from the bankruptcy court's order involves a controlling question of law as to whether a debtor must obtain the bankruptcy court's leave to sue a trustee in either federal or state court and mixed questions of law and fact as to whether the requirement of a proposed complaint is an unduly burdensome requirement which amounts to an abuse of discretion by the bankruptcy court. Moreover, the bankruptcy court's requirement that the Debtors' motion and the complaint be filed before the case is closed or the Debtors' motion for leave to sue the Trustee will be denied with prejudice is a time-sensitive requirement that should be immediately reviewed to determine whether an abuse of discretion has occurred.

7. 28 U.S.C. § 1292(b) provides:
(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The

Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

If the appeal is dismissed at this time, the Debtors will be required to act fairly expeditiously or lose their right to sue in its entirety. In the interim, the statute of limitations will continue to run on the allegations which form the basis of the Debtors' alleged claims against the Trustee. The bankruptcy court has also concluded that leave of the bankruptcy court is required to sue the Trustee in the federal or state courts. Hearing the appeal now saves the Panel and the parties unnecessary effort, promotes judicial economy, and forestalls the possibility that the statute of limitations may possibly bar a valid claim in the future. Based upon the foregoing, we grant the motion for leave to appeal.

B. *Whether the bankruptcy court abused its discretion by requiring that the appellants seek leave of the bankruptcy court to sue the Trustee in the federal or state court.*

 On appeal, the Trustee argues that the Debtors only want to sue the Trustee in state court and that permission of the bankruptcy court must be granted in order for the Debtors to proceed with their action. The Debtors argue that their motion before the trial court really contained three requests: 1) leave to sue the Trustee, 2) a declaration that leave was not necessary to sue the Trustee in federal court; and 3) leave to sue the Trustee in state court. The Debtors further argue that they were being overly cautious before the trial court as to their first two requests for leave to sue in the federal courts (i.e. both the bankruptcy court and the district court), when leave was not actually required to sue in said forums. Finally, the Debtors argue that leave of the bankruptcy court to sue in the federal courts is not a necessary prerequisite, because the federal courts are the courts which appoint[8] a trustee and leave need not be obtained to sue in the appointing court. The Debtors argue that the third request to sue in the

state court is the only one which deals with the possibility of a suit against the Trustee in a forum other than the appointing court.

 The courts are to make reasonable allowances for *pro se* litigants and are to construe *pro se* papers and pleadings liberally. *Read v. Duck (In re Jacksen)*, 105 B.R. 542, 543 (9th Cir. BAP 1989) (*citing McCabe v. Arave*, 827 F.2d 634, 640 n. 6 (9th Cir. 1987)). Because the third request would be redundant if the first two requests did not refer to leave to sue in the federal court, and because the Debtors' interpretation is a reasonable reading of the requests, we find that the Debtors were asking the bankruptcy court for leave to sue in both the federal and state courts.

 It has long been established that a bankruptcy trustee is an officer of the appointing court. As an officer of the court, the trustee is entitled to a form of derivative judicial immunity from liability for actions carried out within the scope of the trustee's official duties. *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir.1989); *Mullis v. United States Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390–91 (9th Cir.1987), *cert. denied*, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988); *Jacksen*, 105 B.R. at 544. A trustee is entitled to such immunity only if the trustee is acting within the scope of authority conferred upon the trustee by the appropriate statute(s) or the court. *Jacksen*, 105 B.R. at 545 (*citing, Central Transport, Inc. v. Roberto (In re Tucker Freight Lines, Inc.)*, 62 B.R. 213, 217 (W.D.Mich.1986)). While a trustee is allowed to make reasonable mistakes where discretion is allowed, a trustee may be sued for intentional or negligent actions which amount to violations of the duties imposed upon the trustee by law. *Bennett*, 892 F.2d at 823; *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1357 (9th Cir.1983).

---

8. The parties rely on various cases which use the terms "appointed" or "appointing" to refer to the court in which the trustee was assigned to administer the assets of the case. We note that in actuality under the Bankruptcy Code, the bankruptcy court does not "appoint" the trustee; rather, the United States Trustee's Office is the entity which "appoints" the trustee. *See*, 11 U.S.C. §§ 701(a)(1), 1104(d), and 1302(a). The bankruptcy court's function under the Code is more appropriately classified as an "approval" of the appointment of the trustee by the United States Trustee's Office. Nevertheless, the bankruptcy court, in the present case, is the court involved in the overall appointment process.

The trustee has a duty to preserve assets of the estate while exercising the care and diligence of an ordinarily prudent person under similar circumstances. *Bennett*, 892 F.2d at 823 (citing, *United States, ex rel. Block v. Aldrich (In re Rigden)*, 795 F.2d 727, 730 (9th Cir.1986)).

■ Although there appears to be a conflict between the concept of judicial immunity and the ability to sue the trustee, the courts have established certain standards and instructions whereby the trustees can protect themselves by complying with these standards and, thus, gain judicial immunity. Those instructions include: the trustee should give notice to the debtor and obtain prior court approval of the proposed act; the disclosure by the trustee to the court in furtherance of the requested approval must be candid; and the act must be within the trustee's official duties. *Bennett*, 892 F.2d at 823 (citing *Mosser v. Darrow*, 341 U.S. 267, 274, 71 S.Ct. 680, 683, 95 L.Ed. 927 (1951); *Mullis*, 828 F.2d at 1390–91; *Cochise*, 703 F.2d at 1357 n. 25).

■ Courts have long held that the nonappointing court may not entertain suits against the trustee for acts done in the trustee's official capacity without leave from the appointing court because the other court lacks subject matter jurisdiction.[9] *See Barton v. Barbour*, 104 U.S. 126, 136–37, 26 L.Ed. 672 (1881); *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir.1967), *cert. denied*, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1968); *Jacksen*, 105 B.R. at 545; *Balboa Improvements*, 99 B.R. at 970; *Campbell*, 13 B.R. at 976. This Panel may consider the analyses of various courts interpreting the prior bankruptcy law before the enactment of the Bankruptcy Code, since Congress has not enacted any provision in the Bankruptcy Code which

evidences an intent to overrule or vitiate such long-standing authority. *Dewsnup v. Timm*, 502 U.S. 410, 419–20, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992).

■ A limited exception to the longstanding rule that approval of the appointing court is required to sue the trustee is provided in 28 U.S.C. § 959(a).[10] The exception provides that a trustee, receiver, or manager may be sued without leave of the court in which the appointment has been made in an action regarding the acts or transactions of the aforesaid party in carrying on the business connected with the property of the bankruptcy estate. 28 U.S.C. § 959(a).

In this case, based upon a review of the excerpt of the record provided on appeal, this Panel concludes that the Debtors' proposed suit concerns alleged breaches of the Trustee's fiduciary duties in carrying out the administration of the estate. In fact, Appellants state in their reply brief, "Appellee's reference to 28 U.S.C. § 959(a) is another straw man. Appellants do not contend their suit falls within this exception and never did so."

■ The breach of a fiduciary duty in the administration of the estate does not fall within the exception provided by 28 U.S.C. § 959(a). *Jacksen*, 105 B.R. at 545; *Balboa Improvements*, 99 B.R. at 970. Since the alleged breaches attributed to the Trustee are not premised on an act or transaction of the fiduciary in carrying on the Debtors' business operation, and in fact, any argument to the contrary has been refuted by the parties to this appeal, Section 959(a) is not applicable to the issues before this Panel. Therefore, the Debtors must obtain leave of the bankruptcy court in order to sue the

---

9. This Panel disagrees with the analysis of *Estate of Reich v. Burke (In re Reich)*, 54 B.R. 995 (Bankr.E.D.Mich.1985) which concludes that 11 U.S.C. § 323(b) permits a trustee to be sued without leave of the bankruptcy court which appoints the trustee. Section 323 merely indicates the proper party to sue for purposes of standing. For a discussion on this issue, *See* 2 Lawrence P. King, *Collier on Bankruptcy*, ¶ 323.02 at 323–6 to 323–11 (15th ed. 1994).

10. Section 959(a) provides:

Trustees, receivers or managers of any property, including debtors in possession, may be sued without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.
28 U.S.C. § 959(a).

Trustee in a forum other than the appointing court.

 The Debtors argue that their requests before the bankruptcy judge involved not only the request for leave to sue the Trustee in the state court, but also in the federal court, if necessary. The Debtors have argued on appeal that the requirement for leave to sue the Trustee does not apply in either the bankruptcy court or the district court, because each court would qualify as the appointing court by virtue of the jurisdiction conferred upon the district court under 28 U.S.C. § 1334 and the referral of the district court's jurisdiction to the bankruptcy court by way of 28 U.S.C. § 157(a). While it is true that 28 U.S.C. § 157(a) does allow the district court to refer jurisdiction to the bankruptcy court, both courts cannot concurrently preside over the same aspects of the case. Once the district court refers the case to the bankruptcy court, unless the district court withdraws that reference, in whole or in part pursuant to 28 U.S.C. § 157(d), the case is within the subject matter jurisdiction of the bankruptcy court. The district court, in any federal district, or a bankruptcy court in any district other than the Southern District of California would, in the present case, be classified as a court other than the appointing court.

 We conclude that leave to sue the trustee is required to sue in those federal courts other than the bankruptcy court which actually approves the trustee's appointment.

 A suit against the trustee in state court clearly involves an action in a court other than the one which actually appointed the trustee. We note that leave of the bankruptcy court is required for the Debtors to prosecute an action against the Trustee in the state court. The Debtors do not contest this proposition.

Therefore, the bankruptcy judge did not abuse his discretion in requiring approval of the bankruptcy court administering the case before suing the Trustee in any other court.

C. *Whether the bankruptcy court abused its discretion by requiring the Debtors to include a copy of their proposed complaint in their motion for leave to sue the Trustee.*

The Debtors argue that the requirement to file a proposed complaint imposed by the judge is an abuse of discretion. The bankruptcy judge is in effect adding an extra procedural requirement that involves the "pre-screening" of the Debtors' proposed suit against the Trustee. The Trustee has countered that this information is necessary in order for the judge to make a determination as to whether the Debtors should be allowed to proceed in another forum and, if the judge decides to grant leave to sue in another forum, to limit the scope of the Debtors' suit.

 The requirement imposed by the bankruptcy judge that the Debtors be required to produce a proposed complaint is not an abuse of discretion standing alone. The court granting leave to sue in another forum must be able to evaluate the claims that are being asserted against the trustee in order to make its independent determination of whether to grant leave to sue. Before such leave may be granted, the prospective plaintiffs must set forth a *prima facie* case against the trustee. *Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir.1975) (citing, *Matter of National Molding Co.*, 230 F.2d 69, 71 (3d Cir.1956)).[11]

 Therefore, it is not an abuse of the bankruptcy court's discretion to require the Debtors to provide enough information to set forth sufficient grounds upon which the Debtors wish to proceed. The Debtors should file either a sufficiently detailed motion or a complaint to provide the requisite information to allow the bankruptcy court to make an informed decision. If, as in this case, the proposed plaintiffs only provide a motion to the court, upon a finding that the motion is insufficient, the bankruptcy court may require the proposed plaintiffs to sup-

---

11. In *dicta,* the *Anderson* court stated that the appointing court should normally grant leave to sue the trustee, unless it is clear that the proposed claim is without foundation. *Anderson,*

520 F.2d at 1029; *See e.g., Dunscombe v. Loftin,* 154 F.2d 963, 966 (5th Cir.1946), cert. denied, 329 U.S. 722, 67 S.Ct. 65, 91 L.Ed. 626 (1946).

plement the motion with a draft of the complaint or to have the plaintiffs file a more detailed motion.

 Additionally, the discretion of the court in exercising its power to grant or deny leave to sue the trustee in a court other than the one in which the trustee has been appointed should include the balancing of the interests of all parties involved. *See e.g., In re Adolf Gobel, Inc.*, 89 F.2d 171, 172 (2d Cir.1937). Thus, the bankruptcy court may conclude, even after the party seeking leave has met the requirements of presenting a *prima facie* case against the trustee, that the suit should more properly be maintained in the bankruptcy court.

For example, the bankruptcy court may conclude that it must adjudicate the claim, since the claim will have an impact on the administration of the bankruptcy estate. In the decision of *Austrian v. Williams*, 216 F.2d 278 (2d Cir.1954), *cert. denied*, 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 744 (1955), *and cert. denied*, 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 745 (1955), the Second Circuit discussed this problem at length.

In *Austrian*, a bankrupt was proceeding with reorganization pursuant to Chapter X of the Bankruptcy Act. The reorganization trustees had sought permission from the Virginia reorganization court to sue certain officers and directors of the bankrupt in the United States District Court for the Southern District of New York for the alleged fraudulent actions of the parties. The trustees lost. The defendants then sought their attorneys' fees and costs pursuant to New York law.

The Second Circuit had to determine whether the action of the defendants in the federal district court required leave of the Virginia reorganization court. In determining that such prior leave was required, the Second Circuit stated "The administration of the estate of a bankrupt or debtor belongs exclusively to that court which has acquired jurisdiction over its affairs." *Id.*, 216 F.2d at 281. The Second Circuit stated that only the reorganization court would know whether the fees and costs were appropriate and could be paid from the estate.

Even if the federal district court only determined the amount of the fees and permitted the reorganization court to determine enforcement, that was insufficient. It still deprived the reorganization court of the discretion that was important in allowing the fees and determining whether payment was appropriate and consistent with the plan proposed in the reorganization case. *Id.*, 216 F.2d at 282–86.

In this matter, the bankruptcy court is also in a better position to determine which claims have merit. For instance, the Debtors may be asserting a claim against the Trustee which may have already been litigated in the bankruptcy court.

 Upon receiving the information from the moving party or the proposed plaintiffs (in this case, the Debtors), the bankruptcy court should consider the following analysis:

1. Whether the acts or transactions relate to the carrying on of the business connected with the property of the bankruptcy estate. If the proceeding is under 28 U.S.C. § 959(a), then no court approval is necessary. However, the moving party may request this initial review by the bankruptcy court in the motion for leave to sue the trustee, or perhaps in the form of a complaint, seeking a declaratory judgment from the bankruptcy court.

2. If approval from the appointing court appears necessary, do the claims pertain to actions of the trustee while administering the estate? By asking this question, the court may determine whether the proceeding is a core proceeding or a proceeding which is related to a case or proceeding under Title 11, United States Code. *Jacksen*, 105 B.R. at 544.

3. Do the claims involve the individual acting within the scope of his or her authority under the statute or orders of the bankruptcy court, so that the trustee is entitled to quasi-judicial or derived judicial immunity?

4. Are the movants or proposed plaintiffs seeking to surcharge the trustee; that

is, seeking a judgment against the trustee personally?

5. Do the claims involve the trustee's breaching her fiduciary duty either through negligent or willful misconduct?

By conducting such an analysis, the bankruptcy court will determine whether the issues affect solely the administration of the bankruptcy estate and should be heard by the bankruptcy court. The bankruptcy court will also be able to determine whether the claims have been previously decided on the merits and should not be pursued by the movants or proposed plaintiffs on the basis of *res judicata* or collateral estoppel. The bankruptcy court will also be in a position to determine whether the trustee is entitled to quasi-judicial or derived judicial immunity. Again, one or more of these factors may be a basis for the bankruptcy court to retain jurisdiction over the claims. Such an analysis will also assist the bankruptcy court in determining which claims should be tried in another forum.

 The Trustee's argument that the proposed complaint is necessary because it will limit the scope of a lawsuit, if such leave is granted by the court, is incorrect. For example, once leave to sue has been granted, and the lawsuit is properly filed in any other forum, the lawsuit will be governed by the applicable rules of procedure of the forum court. Specifically, if the present lawsuit against the Trustee were allowed to be brought in the federal district court, *Fed. R.Civ.P.* 15 would allow a party to amend their pleadings within the guidelines established by the *Federal Rules of Civil Procedure.* Currently, leave to amend is freely given with certain limited exceptions. *Schlacter–Jones v. General Telephone of Calif.,* 936 F.2d 435, 443 (9th Cir.1991) (*citing, Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

The Trustee, apparently, would require the Debtors to bring forth any and all claims at one time. If the Debtors omitted a claim, then they would be barred from asserting that claim in the other forum. This Panel concludes that if the Debtors are granted leave of the bankruptcy court to sue in anoth-

er court, they should have the opportunity to amend the pleadings, if the forum court permits such an amendment.

 Upon a review of the Debtors' motion and memorandum of points and authorities, we conclude that it was not an abuse of the bankruptcy judge's discretion to require more information, albeit in the form of a complaint, before making a decision. The Debtors raised a number of issues which were closely connected to many prior proceedings in the bankruptcy court. Although we do not have access to the complete case file, it appears that some of these claims arose out of hearings or court orders where prior court approval was specifically granted to the Trustee. Therefore, the Debtors may have failed to set forth a *prima facie* case for leave to sue the Trustee. We cannot conclude, based upon this record, that the bankruptcy judge committed a clear error of judgment requiring that the Debtors provide at least a copy of the proposed complaint. We do note that the Debtors should be able to present a *detailed motion or* a proposed complaint for further review by the bankruptcy court. The Debtors are not required to submit only a proposed complaint to a bankruptcy judge for review.

D. *Whether the bankruptcy court abused its discretion by requiring that the Appellants seek leave to sue the Trustee prior to the conclusion of the case or the Appellants' request to sue the Trustee would be denied with prejudice.*

The Debtors did not raise this specific issue on appeal. However, we must consider to what extent the bankruptcy judge abused his discretion in requiring that the Debtors take action prior to the case being closed. This is a time-sensitive issue, since the case has been pending for a number of years and may be closed within the near future. If we do not address this issue, the Debtors may act precipitously, when our reading of the law does not require an immediate action.

 The bankruptcy judge abused his discretion by requiring that the Debtors file their complaint before the end of the case, or the Debtors' motion for leave to sue the Trustee would be denied *with prejudice.* In a recent decision, *Resorts Int'l, Inc. v. Low-*

*enschuss (In re Lowenschuss)*, 67 F.3d 1394 (9th Cir.1995), a panel of the Ninth Circuit decided that the bankruptcy judge had abused his discretion by requiring a party to withdraw its claim with prejudice.[12] The court concluded that the bankruptcy judge should have considered the effect of such a dismissal on the claimant's future ability to litigate in the bankruptcy court if the pension plan, which the claimant was pursuing in another forum, was subsequently determined to be an asset of the bankruptcy estate as a result of a decision concerning a separate matter on appeal. *Id.*, 67 F.3d at 1400–01. The bankruptcy court also did not consider whether the defendant would be prejudiced if the claims were withdrawn conditionally or without prejudice.[13] *Id.*

The same type of *Lowenschuss* analysis may be applied in this decision. The bankruptcy judge abused his discretion by not considering (i) the ability of the Debtors to litigate their claims against the Trustee within the time period remaining under the applicable statute of limitations, and (ii) any prejudice the Trustee would suffer if the Debtors' motion were denied without prejudice with no time constraints imposed on the Debtors as to the filing of their renewed motion or complaint.

We acknowledge that the bankruptcy judge may analyze the available liquidated assets of the bankruptcy estate that may be utilized by the Trustee to pay her attorneys' fees and costs in defending her administration of the estate should the Debtors' claims prove frivolous. The bankruptcy judge may conduct a hearing to determine the amount of the Trustee's potential attorneys' fees and costs, so that sufficient estate funds may be segregated until the litigation between the Debtors and the Trustee is concluded on the merits. This analysis may preclude distribution to creditors and the case being closed until the litigation is concluded. Nevertheless, it is within the discretion of the bank-

ruptcy judge to consider such issues if leave to sue the Trustee is granted. However, the segregation of funds to pay the attorneys' fees and costs of the Trustee is only one prong in the test that should have been applied by the bankruptcy judge.

The bankruptcy judge also did not consider the effect on the Debtors of forcing them to file their complaint before the case was closed or their relief would be denied with prejudice. The Debtors should be able to file the proposed complaint, or the detailed motion, at any time, so long as the action is commenced against the Trustee within the period of the applicable statute of limitations. When the bankruptcy judge determined that the Debtors had to file their complaint before the case was closed and did no further analysis, the judge effectively shortened the applicable statute of limitations for the Debtors to commence an action based on the alleged wrongful acts attributed to the Trustee. For instance, 11 U.S.C. § 322(d) states that a proceeding on a trustee's bond may be commenced for up to two years after the trustee is discharged.[14] In an asset case, the trustee is not discharged until all assets have been liquidated and distributed or otherwise accounted for through the abandonment process. Therefore, it is possible that the Debtors could be pursuing a claim after this estate has been closed and fully two years after the Trustee has been discharged.

We conclude that the bankruptcy judge abused his discretion as to that portion of his order concerning the assertion of the claims within a specified time period or the Debtors' relief would be denied with prejudice; therefore, we must reverse in part.

## VI. CONCLUSION

This Panel finds that leave of the bankruptcy court is not necessary in order for the Debtors to maintain a lawsuit in the bankruptcy court appointing the Trustee. Leave of the bankruptcy court is a prerequisite to a

---

**12.** Two of the judges in *Lowenschuss* determined that the withdrawal of the claim with prejudice was an abuse of discretion. On this point alone, one judge dissented.

**13.** The fact that the defendant might incur additional legal fees was deemed insufficient to support a claim of prejudice in the Fifth Circuit decision of *LeCompte v. Mr. Chip, Inc.*, 528 F.2d

601 (5th Cir.1976), upon which the *Lowenschuss* Panel relied. *Lowenschuss*, 67 F.3d at 1400–01.

**14.** Section 322(d) states:

(d) A proceeding on a trustee's bond may not be commenced after two years after the date on which such trustee was discharged.

11 U.S.C. § 322(d).

lawsuit in any forum other than the appointing court unless the exception listed in 28 U.S.C. § 959(a) applies. The decision of whether to grant or deny leave to sue the trustee in another forum is within the sound discretion of the bankruptcy judge. In making a decision, the bankruptcy judge should inquire into the claims which the Debtors are pursuing; however, the requirement that a proposed complaint must be filed does not necessarily exceed the discretion of the bankruptcy judge, if the information provided in the Debtors' motion is insufficient for the bankruptcy judge to make a determination of whether to grant leave to sue. If the Debtors again seek leave of the bankruptcy court to proceed against the Trustee, they may request the relief in a *detailed* motion or in a proposed complaint. That portion of the bankruptcy judge's order which would deny with prejudice the Debtors' motion for leave to sue the Trustee was an abuse of discretion, because the bankruptcy judge made insufficient findings on the record to support such an order, did not appropriately balance the interests of the Debtors and the Trustee, and effectively placed an unreasonable burden on the Debtors to seek relief within a specific period of time when the applicable statute of limitations may have provided additional time for the Debtors to act.