184 P.3d 858

**Tom HALE, Plaintiff–Appellant,**

v.

**REMAX REALTY, Ken Swisher, and Elizabeth R. Loveridge, Defendants–Respondents.**

No. 33995.

Supreme Court of Idaho.
Boise, April 2008 Term.

May 2, 2008.

---

**3.** Currently, the Idaho Secretary of State does not reveal an entry for the Tumbling Waters Motel.

Thomas F. Hale, Shelley, appellant pro se, did not appear.

Maguire & Kress, Pocatello, for respondents. David Maguire argued.

EISMANN, Chief Justice.

This is an appeal from a judgment dismissing this case without prejudice on the ground that the plaintiff commenced this action against a bankruptcy trustee and her court-approved agent for acts done in their official capacities without first obtaining leave of the bankruptcy court. We affirm the district court.

## I. FACTS AND PROCEDURAL HISTORY

On October 14, 2005, Tom Hale filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, District of Utah. On July 19, 2006, Hale converted the case to one under Chapter 7, and a trustee was appointed on the same date. The bankruptcy estate included two parcels of rental property located in Pocatello, Idaho. To perform her duties, the trustee decided to sell these parcels. In order to do so, she obtained the bankruptcy court's approval to retain the services of a specifically named realtor, which she did.

On November 8, 2006, Hale filed this action in Idaho against the real estate agent and his purported employer alleging that the agent had slandered Hale. Hale later filed an amended complaint adding the trustee as a defendant and alleging that she too had slandered him.

The Defendants moved to dismiss the amended complaint on the ground that Hale had failed to obtain permission from the bankruptcy court before filing this action against the trustee and her court-approved agent, the realtor. Because Hale had failed to do so, the district court dismissed this action without prejudice, and Hale timely appealed.

## II. ANALYSIS

In *Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881), the United States Su-

preme Court held that a railroad passenger could not file a negligence action for personal injuries against a railroad being operated by a court-appointed receiver without first obtaining permission from the court that had appointed the receiver. The holding of that case became known as the *Barton* doctrine, and it applies to bankruptcy trustees and other officers appointed by the bankruptcy court. "[A] party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *In re Crown Vantage*, 421 F.3d 963, 970 (9th Cir.2005).

 There are two exceptions to the *Barton* doctrine. Leave of the bankruptcy court is not required if the claim arises from conduct that was outside the scope of the trustee's authority. *Matter of Campbell*, 13 B.R. 974, 976 (Bankr.D.Idaho 1981). Leave of the court is also not required with respect to acts or transactions in carrying on a business connected with the bankruptcy estate's property. 28 U.S.C. § 959(a).

The district court found that neither of these two exceptions applied. It therefore dismissed Hale's complaint without prejudice because he had not obtained permission from the bankruptcy court in Utah before filing this lawsuit.

In his opening brief, Hale argues at length that the bankruptcy court in Utah did not have subject-matter jurisdiction to litigate the claims in this lawsuit. Even if it did, he contends the Defendants are simply seeking to engage in forum shopping. He also argues that since the claims arose after he filed his petition in bankruptcy, any money he may recover is not property of the bankruptcy estate. In making these arguments, Hale misapprehends the reason that the district court dismissed this case. The issue is not whether it should have been filed in the bankruptcy court. It is whether permission must first be obtained from the bankruptcy court before suing that court's trustee and the trustee's court-approved agent. In his opening brief, Hale does not argue that the *Barton* doctrine is inapplicable to this case. The district court did not err in dismissing

this action without prejudice because Hale failed to obtain approval of the bankruptcy court in Utah before commencing this action against the bankruptcy trustee and her court-approved agent.

 After reading the Defendants' brief on appeal, Hale apparently understood the reason for the district court's dismissal. In his reply brief, Hale argued that the exception provided by 28 U.S.C. § 959(a) applies in this case. "This Court will not consider arguments raised for the first time in the appellant's reply brief." *Marcia T. Turner, L.L.C. v. City of Twin Falls*, 144 Idaho 203, 211, 159 P.3d 840, 848 (2007).

### III. CONCLUSION

The judgment of the district court is affirmed. We award costs on appeal to the respondents.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.