UNITED STATES of America, ex rel. Ernest C. KRIKAVA, and Kevin Krikava, Plaintiffs,

v.

COMMUNITY NATIONAL BANK OF SENECA, KANSAS, and Members of Its Board of Directors, David C. Hollis, Donald L. Lueger, Raymond J. Schmitz, Kenneth J. Rethman, Emmet Tangeman, Melvin Haug, Mark P. Feldcamp, Leo R. Hammes, Walt Rottinghaus, Richard J. Butler, trustee in bankruptcy, and Mark A. Beck, Defendants.

No. Civ.A. 97–4022–DES.

United States District Court,
D. Kansas.

April 28, 1998.

Richard L. Schodorf, Office of United States Attorney, Wichita, KS, Michael F. Hertz, U.S. Dept. of Justice, Washington, DC, John M. Guthery, Perry, Guthery, Haase & Gessford, P.C., Lincoln, NE, for United States of America, ex rel. Ernest C. Krikava and Kevin Krikava.

Ira Dennis Hawver, Ozawkie, KS, for Ernest C. Krikava and Kevin Krikava.

Myron L. Listrom, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, Daniel F. Kaplan, John M. Guthery, Perry, Guthery, Haase & Gessford, P.C., Lincoln, NE, for Community National Bank of Seneca, KS, and members of its Board of Directors, David C. Hollis, Donald L. Lueger, Raymond J. Schmitz, Kenneth J. Rethman, Emmet Tangeman, Melvin Haug, Mark P. Feldcamp, Leo R. Hammes and Walt Rottinghaus.

James Borthwick, Blackwell, Sanders, Matheny, Weary & Lombardi, L.L.P., Kansas City, MO, for Richard J. Butler, Trustee.

Catherine M. Walberg, Gerald L. Goodell, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Mark A. Beck.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiffs Ernest and Kevin Krikava's Involuntary Motion for Dismissal (Doc. 72), Defendant Richard J. Butler's Motion to Dismiss (Doc. 18), and Defendant Mark A. Beck's Motion to Dismiss (Doc. 22).

## I. BACKGROUND

The plaintiffs, Ernest and Kevin Krikava, were debtors in a bankruptcy proceeding filed in the United States Bankruptcy Court for the District of Nebraska in Lincoln. The Krikavas filed Chapter 12 petitions in the Nebraska bankruptcy court on March 4, 1992, and their cases were administratively consolidated on March 26, 1992. On August 14, 1992, the bankruptcy court converted the consolidated cases to Chapter 7 proceedings. On August 21, 1992, Richard J. Butler ("Butler") was appointed to serve as the trustee in the consolidated cases.

Acting in his position as trustee, Butler liquidated the assets of the bankruptcy estates and made distributions to creditors. All of these actions were taken pursuant to court approval through orders of the bankruptcy court following notice to all interested parties. Butler's final report as trustee was approved by the bankruptcy court, which entered its final order approving the account, closing the estate, and discharging the trustee on July 3, 1997.

This action was filed by the plaintiffs on February 3, 1997, at which time Butler was still serving as the trustee in plaintiffs' bankruptcy cases. The complaint names both Butler, the trustee, and Mark A. Beck ("Beck"), the trustee's attorney, as defendants. The complaint alleges that Butler and Beck have violated the Fraud and False Claims Act, 31 U.S.C. §§ 3729–3731, and the Racketeering and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1341, 1343, 1503, 1961(1)(D), 1962, 1963, and 1964. The complaint further alleges that the defendants have violated the plaintiffs' civil rights under 42 U.S.C. §§ 1985(3) and 1986. All of the claims stated in plaintiffs' complaint arise from actions taken by Butler and Beck during the course of the bankruptcy proceedings.

On August 14, 1997, Butler filed a motion in the bankruptcy court to reopen the consolidated cases, asserting that the plaintiffs were attempting to collaterally attack the decisions of the bankruptcy court and that the plaintiffs could not proceed in this court without the prior approval of the Nebraska bankruptcy court. On September 11, 1997,

the bankruptcy cases were reopened without addressing the merits of the issues raised by the parties. The bankruptcy court issued its order on the merits of the issues raised by both parties on February 11, 1998. In this order, the bankruptcy court (1) ordered the plaintiffs to file a motion to dismiss Butler and Beck from this proceeding within twenty-one days from the date of the bankruptcy court order, (2) enjoined the plaintiffs from filing any claims against Butler and Beck in any other forum without prior consent of the bankruptcy court, and (3) allowed the plaintiffs sixty days to file their claims against Butler and Beck with the bankruptcy court. If plaintiffs choose not to file those claims within sixty days, then they will be barred from filing future claims in another forum, according to the bankruptcy court's order.

## II. DISCUSSION

The plaintiffs in this case have filed an "Involuntary Motion for Dismissal," pursuant to an order issued by the United States Bankruptcy Court for the District of Nebraska on February 11, 1998. However, plaintiffs have also filed a "Memorandum in Opposition to the Involuntary Motion of Dismissal by the Parties who Filed the Motion." In doing so, the plaintiffs appear to be asking this court to ignore the order of the Nebraska bankruptcy court, which ordered the plaintiffs to dismiss Butler and Beck from this proceeding and pursue their claims against these two defendants in the appointing forum in Nebraska.

The court has reviewed the order and memorandum of the bankruptcy court, dated February 11, 1998, and finds it to be well-reasoned. The bankruptcy court found that the plaintiffs, as debtors, were required to obtain leave of the bankruptcy court in order to file proceedings against the bankruptcy trustee and his attorney, pursuant to the *Barton* Doctrine. *See Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881); *In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir.1993); *In re Kashani*, 190 B.R. 875, 885 (9th Cir. BAP 1995) (consent of appointing bankruptcy court is required even to bring suit in another federal court). Furthermore,

the bankruptcy court found, and this court agrees, that the claims alleged against Butler and Beck in this proceeding occurred during the pendency of the bankruptcy cases and involved the administration or liquidation of the bankruptcy estates. Therefore, the bankruptcy court denied the plaintiffs leave to pursue their claims against Butler and Beck in this court.

█ Although the plaintiffs admit that they did not seek leave of the bankruptcy court prior to filing this action, the plaintiffs allege that they did not seek leave of the bankruptcy court because the Fraud and False Claims Act requires that the complaint be filed *in camera,* that it remain under seal for at least sixty (60) days, and that it may not be served on the defendants until the court so orders. 31 U.S.C. § 3730(b)(2). The plaintiffs argue that this requirement is intended not only to allow the government time to review the information and make a decision regarding intervention, but also to "prevent alleged wrongdoers from being tipped off that they [are] under investigation." *Erickson v. American Institute of Biological Sciences,* 716 F.Supp. 908, 912 (E.D.Va.1989). Therefore, plaintiffs argue that "the certificate of service alone [on the motion requesting leave of the bankruptcy court to file this case] would have subjected the Kansas case to certain dismissal" for failure to comply with the filing and service requirements of the Fraud and False Claims Act.

The court finds this argument to be without merit. It appears to the court that there are at least two ways in which plaintiffs could have sought leave of the bankruptcy court without violating either the letter or the spirit of the law. Prior to filing the complaint, the plaintiffs could have filed an *ex parte* motion under seal with the bankruptcy court seeking leave to file their claims against Butler and Beck. In the alternative, the plaintiffs could have filed the complaint, and then sought leave of the bankruptcy court once the complaint was unsealed. Although the plaintiffs would not have sought leave from the bankruptcy court prior to filing these claims under the second method, at least the plaintiffs would have attempted to comply with the requirements of the *Barton* doctrine.

In this case, the plaintiffs did not seek leave of the bankruptcy court until Butler and Beck raised the issue in the Nebraska bankruptcy court. Under these circumstances, and taking into consideration the factors considered by the bankruptcy court in reaching its decision, the court finds that defendants' Butler and Beck should be dismissed from this proceeding. The court notes that the government has indicated that it does not object to the dismissal of these two defendants. *See* 31 U.S.C. § 3730(b)(1). However, the court finds that the claims against Butler and Beck should be dismissed without prejudice to allow the plaintiffs to assert these claims in the appropriate forum in Nebraska.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiffs' Involuntary Motion for Dismissal (Doc. 72) is granted. The plaintiffs' claims against defendants Butler and Beck are dismissed without prejudice for reassertion in the appropriate forum in Nebraska.

**IT IS FURTHER ORDERED** that Defendant Richard J. Butler's Motion to Dismiss (Doc. 18) and Defendant Mark A. Beck's Motion to Dismiss (Doc. 22) are denied as moot.