In re: Thelma V. SPIRTOS, Debtor,

Thelma V. Spirtos; Polymnia Vouis; Jon Eardley, Appellants,

v.

John Reitman; Gumport Reitman and Montgomery; R. Todd Neilson, Appellees.

In re: Thelma V. Spirtos, Debtor,

Thelma V. Spirtos; Polymnia Vouis; Jon Eardley, Appellants,

v.

Gumport Reitman and Montgomery; R. Todd Neilson, Appellees.

Nos. 04–56063, 04–56971.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2006.

Decided Feb. 16, 2006.

Peter J. Mastan, Esq., Gumport, Reitman & Montgomery, Los Angeles, CA, for Debtor/Appellant.

Jon J. Eardley, Esq., Whittier, CA, Michelle Spirtos, Esq., Whittier, CA, for Appellants.

John P. Reitman, Esq., Gumport, Reitman & Montgomery, Los Angeles, CA, for Appellees.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts of this case are known to the parties.

■ Spirtos argues that the bankruptcy court could not award compensatory civil contempt sanctions to trustee Neilson because he is not a person under 11 U.S.C. § 362(h). However, 11 U.S.C. § 105(a) provides the bankruptcy court with the power to do so. *See Havelock v. Taxel (In Re Pace)*, 67 F.3d 187, 193 (9th Cir.1995).

■ Nor did the bankruptcy court err in finding that the elements of civil contempt had been established. The court properly found that there was clear and convincing evidence that Spirtos willfully violated a specific and definite order of the court. *See Knupfer v. Lindblade (In Re Dyer)*, 322 F.3d 1178, 1191 (9th Cir.2003); *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir.1999). The court therefore acted within its discretion by holding Spirtos in civil contempt of court. In light of the complexity and the amount of work required by the trustee's lawyers to respond to appellants' violation of the automatic stay, the $48,512.50 award to the trustee was also within the bankruptcy court's discretion.

■ The bankruptcy court did not abuse its discretion by refusing to grant Spirtos leave to sue Neilson in district court because the bankruptcy court reasonably determined that Spirtos had failed to allege a prima facie case against Neilson. *See Kashani v. Fulton (In Re Kash-*

*ani)*, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995).

Appellants' other arguments have been considered, and we find them to be without legal merit.

**AFFIRMED.**

■

■

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

