

**NOT FOR PUBLICATION**

FILED

OCT 27 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. EC-15-1401-JuKuMa |
| YOUSIF H. HALLOUM, | Bk. No. 12-21477-C-7 |
| Debtor. | Adv. No. 15-02091-C |
| YOUSIF H. HALLOUM; IMAN Y. HALLOUM, | |
| Appellants, | |
| v. | M E M O R A N D U M* |
| MICHAEL G. KASOLAS, Trustee, | |
| Appellee. | |

Submitted Without Oral Argument
on October 20, 2016**

Filed - October 27, 2016

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Christopher M. Klein, Bankruptcy Judge, Presiding.

_____

Appearances:     Yousif H. Halloum pro se on brief; Scott H. McNutt, Michael C. Abel, and Thomas B. Rupp of McNutt Law Group LLP on brief for appellee Michael G. Kasolas, chapter 7 trustee.

_____

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

** By order entered on August 8, 2016, a motions panel determined this appeal suitable for submission on the brief and record without oral argument.

Before:  JURY, KURTZ, and MARTIN,[***] Bankruptcy Judges.

Chapter 7[1] debtor, Yousif H. Halloum (Debtor) and his non-debtor spouse, Iman Y. Halloum (Ms. Halloum) (collectively, the Halloums), appeal from the bankruptcy court's order denying their motion for leave to sue the chapter 7 trustee, appellee Michael Kasolas (Motion For Leave).  We AFFIRM.

## I.  FACTS

### A.  Prepetition Events[2]

Beginning in 2005, the predecessor-in-interest to Midwest Bank N.A. (MBNA) made loans to Debtor which were secured by Debtor's real and personal property.  Debtor operated an ARCO gas station and convenience store on the real property located in Lodi, California (Real Property).  Debtor also had his business checking account with MBNA.

In late 2010 and thereafter, Debtor overdrew his checking account with MBNA.  Although Debtor said the overdrafts would be repaid in the near term and the bank prodded him to do so, the amount due increased over time.  In October 2011, MBNA advised

[***] Honorable Brenda K. Martin, United States Bankruptcy Judge for the District of Arizona, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] To provide context for this appeal we borrow from the facts set forth in Halloum v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP; Hilton A. Ryder; Michael G. Kasolas, Trustee (In re Halloum), BAP No. EC-14-1219-JuKuPa, 2015 WL 2386544 (9th Cir. BAP May 19, 2015).

-2-

Debtor that he had ten days to establish alternative banking relationships for his business, no further overdrafts would be honored after the ten days, and that no overdraft would be honored in the interim if the cumulative total exceeded $300,000. During this ten-day cautionary period, Debtor took advantage of MBNA's accommodation to boost the overdrafts from approximately $190,000 to $297,372.49.

Around this time, Debtor also defaulted under the loans. On October 12, 2011, MBNA recorded a notice of default that commenced nonjudicial foreclosure as to the Real Property. On January 20, 2012, a notice of trustee's sale under the trust deed was recorded.

MBNA also sued the Halloums in the San Joaquin County Superior Court to recover on the $297,372.49 overdraft. The Halloums cross-complained against MBNA, alleging breach of a contract to transform the overdraft into some unspecified term loan. MBNA's demurrer to the cross complaint was stayed by the bankruptcy filing.

**B.    Bankruptcy Events**

Debtor filed a chapter 11 petition on January 26, 2012. About two years later, Mr. Kasolas was appointed the chapter 11 trustee. Problems ensued which made confirmation of Debtor's chapter 11 plan extremely unlikely. Therefore, Trustee advised the bankruptcy court that the case should be converted. As a result of this advice, the bankruptcy court converted the case to chapter 7 and Mr. Kasolas was appointed the chapter 7 trustee

-3-

(Trustee).[3]

Trustee took possession of Debtor's business. He also negotiated a settlement with MBNA that allowed the business to be sold, with MBNA discounting its claim and further agreeing to lend up to $100,000 to the estate to support the sale process. The bankruptcy court approved Trustee's settlement with MBNA over Debtor's objection.

Trustee eventually sold the business,[4] but not before Ms. Holloum intervened and asserted her right as the non-debtor spouse to purchase the business under § 363(i). She asserted this right even though Debtor's schedules listed the business and its assets as his separate property, and the real property records showed that the land upon which the business was located was Debtor's sole and separate property per an inter-spousal transfer deed. Without concluding that Ms. Halloum had the right, the bankruptcy court afforded her the opportunity to purchase the business.

Ultimately, Ms. Halloum was unable to complete her purchase of the business and filed a motion seeking the return of her deposit, which was granted. In the context of her seeking the return of her security deposit, Ms. Halloum alleged that Trustee

---

[3] On November 17, 2103, MBNA filed a motion to convert to chapter 7. After several continued hearings on the motion, Trustee conceded that conversion was appropriate and an order converting the case was entered on February 12, 2014.

[4] Debtor appealed the bankruptcy court's order approving the sale to the Panel. The Panel dismissed the appeal as moot since the sale of the business had been completed. Debtor appealed the dismissal ruling to the Ninth Circuit. That appeal is still pending. [BAP No. 14-1170; 9th Cir. Case No. 14-60086].

-4-

interfered with her ability to obtain a fuel franchise agreement and that this prevented her from purchasing the business. At other times, including in the underlying adversary complaint, Ms. Halloum, or Debtor, has alleged that Trustee interfered with her financing source and convinced the lender not to loan her money to purchase the business.

Apparently dissatisfied with the way things were going in the bankruptcy court, on February 13, 2015, the Halloums filed the underlying complaint in the Superior Court of California, County of San Francisco, as case number CGC-15-544168. The complaint sought redress against various defendants,[5] including Trustee in his individual capacity and as chapter 7 trustee, for the loss of their business as the result of the pending bankruptcy case. Trustee filed a timely notice of removal in the bankruptcy court for the Northern District of California. That court subsequently transferred the adversary proceeding to the bankruptcy court for the Eastern District of California.[6]

---

[5] Besides Trustee, Plaintiffs sued: Hilton A. Ryder; McCormick, Barstow, Sheppard, Wayte & Carruth ("McCormick Barstow"); David I. Katzen; Katzen & Schuricht; Scott H. McNutt; Michael C. Abel; McNutt Law Group and Alan Scott Koenig. Defendant Ryder, a partner in defendant law firm McCormick Barstow, was counsel to the debtor, who acted as debtor-in-possession performing the duties of the trustee until Trustee was appointed to act as Chapter 11 trustee on November 22, 2013. Defendant Katzen, a partner in defendant law firm Katzen & Schuricht, and defendant Koenig are attorneys who represented the financial institution, MBNA, that was Plaintiffs' principal adversary in the bankruptcy case. Defendants McNutt and Abel, partners in defendant law firm McNutt Law Group, are counsel who represent Trustee in the bankruptcy case.

[6] The Halloums fought the removal and transfer through
(continued...)

Trustee then took steps to prevent the Halloums from forum shopping and interfering with property of the bankruptcy estate. On April 23, 2015, Trustee filed a motion requesting (1) a contempt decree against the Halloums for stay violation; (2) sanctions; and (3) an order restricting future filings to the bankruptcy court (Sanctions Motion). The Sanctions Motion argued that the Halloums had violated the automatic stay by filing the complaint and pursuing damage claims which, if they existed at all, would belong to Debtor's bankruptcy estate. The Sanctions Motion and Trustee's reply in support of the motion further asserted that the Halloums' refusal to accept the jurisdiction of the bankruptcy court justified an order that would "channel" any future litigation through the bankruptcy court.

The Halloums opposed Trustee's motion arguing, among other things, that the complaint should be litigated in the San Francisco Superior Court.

The bankruptcy court decided to treat the Sanctions Motion as a counterclaim or affirmative defense to the complaint that would be considered after addressing the substance of the adversary proceeding.

Trustee and MBNA filed motions for summary judgment in the adversary proceeding. Instead of ruling on the motions, the bankruptcy court ordered an evidentiary hearing at which the Halloums were directed to present all their evidence in support

---

[6](...continued)
various motions and appeals, none of which were successful.

of their claims and to identify aspects of their case that required discovery. The evidentiary hearing was held on August 12 and 13, 2015. Debtor testified and was cross-examined; he offered no other witnesses. Ms. Halloum did not testify. After the Halloums presented their case, the bankruptcy court entered judgment based on partial findings pursuant to Civil Rule 52(c), made applicable to adversary proceedings by Rule 7052 and 9014. The bankruptcy court placed these findings of fact and conclusions of law orally on the record. The evidentiary hearing did not reach the stage where the court took evidence on defenses or counterclaims.

The bankruptcy court later supplemented its findings of fact and conclusions of law in a memorandum decision <u>Halloum v. Ryder, et al. (In re Halloum)</u>, 2015 WL 5095340 (Bankr. E.D. Cal. Aug. 27, 2015). There, the bankruptcy court determined that there was no basis for liability against any of the defendants. The court also dismissed the case against Trustee because the Halloums had not sought leave from the bankruptcy court before suing Trustee in the San Francisco Superior Court, finding:

> It is settled law that a trustee may be sued only with leave of the court that appointed the trustee. <u>Barton v. Barbour</u>, 104 U.S. 126, 128 (1881); <u>Beck v. Ft. James Corp. (In re Crown Vantage, Inc.)</u>, 421 F.3d 963, 970-71 (9th Cir. 2005).

> The plaintiffs' action against Mr. Kasolas filed in the state superior court alleges only activity associated with the stewardship by Mr. Kasolas of the bankruptcy estate. Accordingly, the assertion that he is being sued in his individual capacity in addition to his capacity as trustee is a transparent sham not made in good faith and is stricken.

> This court did not grant permission to sue the trustee. End of analysis. The action against Mr. Kasolas is dismissed.

-7-

2015 WL 5095340, at *3.  On the same date, the bankruptcy court entered an order dismissing the adversary complaint as to Trustee and entered a separate judgment in favor of all defendants on the merits (Dismissal and Merits Judgment).

On August 29, 2015, MBNA and others filed a motion/application to augment determinations which the bankruptcy court had made at the evidentiary hearing pursuant to Rules 7052 and 9023, which incorporate Civil Rules 52(b) and 59(e) (Augment Motion).

On August 27, 2015, the Halloums filed a notice of appeal of the bankruptcy court's order dismissing the complaint against Trustee.  On August 31, 2015, they filed an amended notice of appeal to add the bankruptcy court's Dismissal and Merits Judgment dated August 27, 2015.

On October 5, 2015, the Halloums filed the Motion For Leave.  The motion begins by referring to the bankruptcy court's dismissal of Trustee from the state court action filed by the Halloums and removed to the bankruptcy court by Trustee. According to the Halloums, they were not required to seek the bankruptcy court's permission before filing the state court action against Trustee.  The Halloums reasoned that they no longer had a bankruptcy estate and all their assets had been sold.  In other words, there was no bankruptcy proceeding that could be impacted by the suit against Trustee in the state court.  They further argued that their claims against Trustee were not connected to his duties as trustee even though the bankruptcy court had previously found in its memorandum decision that the adversary complaint alleged only activity associated

with Trustee's administration of the estate.

Finally, the Halloums contended that the factors for evaluating a motion for leave to sue a trustee set forth in Kashani v. Fulton (In re Kashani), 190 B.R. 875, 886-87 (9th Cir. BAP 1995) weighed in their favor. According to the Halloums, none of their claims against Trustee pertained to his actions while administering the estate. Instead, they maintained that the claims involved Trustee as an individual who was not acting within the scope of his authority and his breach of fiduciary duty through gross negligence and willful and deliberate violations. For these reasons, the Halloums asserted that their motion should be granted to sue Trustee in the state superior court.

On October 16, 2015, the bankruptcy court entered an order denying the Augment Motion, but clarified in its order that in addition to dismissing Trustee due to the Halloums' failure to request permission to sue in another forum, its detailed no-merit findings and conclusions applied to Trustee (and his counsel).

On October 20, 2015, Trustee opposed the Motion For Leave on the ground, among others, that the bankruptcy court had dismissed the Halloums' claims against him based on the merits.

On November 6, 2015, the bankruptcy court entered an order denying the Motion For Leave. There, the court noted that it had dismissed the adversary proceeding against Trustee because the Halloums did not seek permission to sue him, and, in the alternative, the court found in favor of Trustee (and all other defendants) on the merits after an evidentiary hearing. The

court also noted that the judgment in favor of Trustee and the other defendants was on appeal to this Panel (BAP No. 15-1292).

The court further found the Halloums' arguments without merit. The Halloums had alleged there was no ongoing bankruptcy proceeding, which the bankruptcy court found incorrect since the case was still open. Next, the Halloums' had asserted that their claims against Trustee were not connected to the performance of his duties as Trustee. The bankruptcy court found "That is all incorrect - 'but for' the existence of Trustee as the trustee in their underlying bankruptcy case, the Halloums would have no connection with, and no claims against, Trustee in any capacity."

The Halloums filed a timely notice of appeal from this order.[7]

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

---

[7] As noted, the Halloums also filed an appeal from the Dismissal and Merits Judgment (EC-15-1292). The Panel issued a conditional order of dismissal indicating that appellants had not filed a brief with respect to this appeal. The Halloums filed a response stating that the brief and excerpts for EC-15-1292 should be considered in determining this appeal and that the appeals should be consolidated. They also filed a supplemental brief in this case. The Panel denied their request for consolidation of the two appeals and further ordered that their supplemental brief would be considered their opening brief in this appeal. Attached to the supplemental brief are excerpts of record that mostly pertain to the merits of their underlying allegations in the state court complaint. These excerpts are of limited use in this appeal.

-10-

**III. ISSUE**

Whether the bankruptcy court abused its discretion by denying the Halloums' Motion For Leave.

**IV. STANDARD OF REVIEW**

The denial of leave for a party to sue the trustee is within the sound discretion of the appointing court. In re Kashani, 190 B.R. at 883-85. In determining whether the court abused its discretion we first determine de novo whether the trial court identified the correct legal rule to apply to the relief requested and then, if the correct legal standard was applied, we determine whether the court's application of that standard was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." United States v. Loew, 593 F.3d 1136, 1139 (9th Cir. 2010).

**V. DISCUSSION**

Under the Barton doctrine,[8] a party must first obtain leave of the bankruptcy court before he or she initiates an action in another forum against a bankruptcy trustee. Beck v. Fort James Corp. (In re Crown Vantage, Inc.), 421 F.3d 963, 971 (9th Cir. 2005); In re Kashani, 190 B.R. at 883-85. "Before such leave may be granted, the prospective plaintiffs must set forth a prima facie case against the trustee." In re Kashani, 190 B.R. at 885. In considering whether a prima facie case has been made, the appointing court determines whether the plaintiff can

---

[8] The doctrine set forth in Barton v. Barbour, 104 U.S. 126 (1881) requires a party to obtain permission of the appointing court before bringing suit against a receiver.

-11-

present adequate grounds upon which to proceed against the trustee in another forum. Id.

We discern no abuse of discretion with the bankruptcy court's denial of the Halloums' Motion For Leave. Initially, the Halloums are mistaken that the Barton doctrine does not apply. They contend the doctrine is inapplicable because their assets have been sold. However, as noted by the bankruptcy court, Debtor's main bankruptcy case is open and ongoing. Further, in this Circuit, the doctrine continues to apply even after the bankruptcy estate has been closed. In re Crown Vantage, Inc., 421 F.3d at 972. In addition, the Halloums' claims against Trustee were all connected with his acts or conduct while performing his duties as trustee of Debtor's bankruptcy estate. The Barton doctrine applies to claims based on alleged misconduct in the discharge of a trustee's duties. Id. at 970. In the end, other than conclusory arguments connected to the Kashani factors, the Halloums failed to demonstrate why the Barton doctrine did not apply.

Since the Barton doctrine applies as a threshold matter, the Halloums must plead the elements of a prima facie case against Trustee. Here, the bankruptcy court acknowledged in its order denying the Motion For Leave that it previously found no merit to the Halloums' claims against Trustee and that its decision was the subject of a separate appeal. In doing so, the bankruptcy court implicitly recognized that the Halloums were asserting claims against Trustee which were already litigated in the bankruptcy court. Therefore, allowing the Halloums to pursue the same underlying claims against Trustee in the state

-12-

court as those involved in their appeal would result in a tremendous waste of both judicial and the parties' resources. See In re Kashani, 190 B.R. at 886 (In exercising its discretion to grant or deny leave to sue the trustee in a court other than the one in which the trustee has been appointed, the bankruptcy court is instructed to balance the interests of all parties involved.) This alone would be a sufficient reason for the bankruptcy court to deny the motion.

## VI. CONCLUSION

For the reasons set forth above, the bankruptcy court's order denying the Halloums' Motion For Leave is AFFIRMED.